

**RECEIVED**
NOV 2 4 2004
CMJ

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 29, 2004

Harry L. Manion III
Christopher J. Cunio
Cooley Manion Jones
21 Custom House Street
Boston, MA 02110-3536

  re: <u>Carlos Gomez</u>

Dear Messrs. Manion and Cunio:

  This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Carlos Gomez ("Defendant"), in the above-captioned case. The Agreement is as follows:

  1. <u>Change of Plea</u>

  At the earliest practicable date, Defendant shall waive indictment and plead guilty to Count 1 (Conspiracy, 18 U.S.C. §371); Counts 2-12 (Mail Fraud, 18 U.S.C. §1341); and Counts 13-17 (ERISA False Statement, 18 U.S.C. §1027) of an Information in substantially the form attached. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts 1-17 of the attached Information, and is in fact guilty of those offenses.

  Defendant acknowledges that the U.S. Attorney's offer to enter into this agreement is interdependent with the U.S. Attorney's offer to Defendant's spouse, Mary Gildea, to enter into a separate agreement regarding her plea to criminal charges against her.

  2. <u>Penalties</u>

Defendant faces the following maximum penalties on each of the following counts:

Count 1 (Conspiracy):
  5 years imprisonment
  $250,000 fine (or twice the gross gain from the offense)
  3 years supervised release
  $100 special assessment

Counts 2-7, 9-10 (Mail Fraud):
    5 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Counts 8, 11-12 (Mail Fraud):
    20 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Counts 13-17 (ERISA False Statement):
    5 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

3.     Sentencing Guidelines

(a)     Defendant reserves the right to take the position that the United States Sentencing Guidelines are unconstitutional and cannot properly be applied in this case. Alternatively, defendant reserves the right to take the position that the United States Sentencing Guidelines may serve as a guide to the Court but cannot constitutionally be deemed to bind the Court's sentencing determination.

(b)     The U.S. Attorney reserves the right to take the position that the United States Sentencing Guidelines are constitutional and govern this case.

(c)     To the extent that sentencing in this case is, or may be, controlled or guided by the United States Sentencing Guidelines, the parties agree jointly to take the following positions:

i.     The applicable version of the United States Sentencing Guidelines includes amendments effective November 1, 2003, and the following provisions for calculating Defendant's offense level apply:

GROUP 1 (Offenses Involving Fraud or Deceit)

§2B1.1(a):     Base offense level ................................. 7

§2F1.1(b)(1)(c):     Adjustment for loss (>$2,500,000, <$7,000,000) ............ 18

Group 1 total offense level     25

GROUP 2 (Fraudulent or False Tax Returns)

§2T1.1 (a)(1) Level from §2T4.1 (Tax Table) corresponding to the tax loss
(>$400,000 and <$1,000,000) .............................................. 20

Group 2 total offense level ...................................................... 20

COMBINED OFFENSE LEVEL
§3D1.4      Number of Units:
            Group 1       1 unit
            Group 2       ½ unit
            total         1½ units

Based upon the information currently known to the U.S. Attorney, Defendant is in Criminal History Category I.

(d)    The U.S. Attorney reserves his right to fully inform the Court and the Probation Office with regard to any and all allegations of misconduct by Defendant, including conduct not charged in the Information.

(e)    Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (i)     Fails to admit a complete factual basis for the plea;

    (ii)    Fails to truthfully admit his conduct in the offenses of conviction;

    (iii)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (iv)    Fails to provide truthful information about his financial status;

    (v)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (vi)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (vii)   Intentionally fails to appear in Court or violates any condition of release;

    (viii)    Commits a crime;

    (ix)    Transfers any asset protected under any provision of this Agreement; and/or

    (x)    Attempts to withdraw his guilty plea.

(f)    Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

(g)    Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

(h)    The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below:

    (i)    Defendant reserves the right to seek a downward departure, on one or more of the following grounds, separately or in combination, and no others. Defendant reserves the right to argue that:

    Pursuant to U.S.S.G. §§5K2.0(a)(1) & (2), incarceration of the defendant will cause Lanco Scaffolding, Inc. to fail and cause more than 25 innocent employees to lose their jobs. <u>United States v. Olbres</u>, 99 F.3d 28 (1st Cir.1996).

    Pursuant to U.S.S.G. §2B1.1, n.18 (C), the offense level substantially overstates the seriousness of the offense; accord §§5K2.0(a)(2)(B) & (a)(3) (application of 18 year old certificate of acceptance yields anomalous results); §5K2.0(a)(2)(A)(public benefit).

    Pursuant to U.S.S.G. §5K2.0(a)(4): U.S.S.G. §5H1.2 (Education and Vocational Skills) alone and in conjunction with U.S.S.G. §5H1.5 (Employment Record); U.S.S.G. §5H1.6 (Family Ties and Responsibilities, and Community Ties); U.S.S.G. §5H1.11 (Civic, Charitable, Public Service Employment-related contributions and Record of Prior Good Works).

    Pursuant to U.S.S.G §5K2.0(c), departure based on a combination of two or more offender characteristics or other circumstances listed above. Taken together, these permissible factors are present to substantial degree. Accord §5K2.0(a)(2)(A).

    Pursuant to U.S.S.G. §§5K2.0(a)(1) & (2) a downward departure is warranted because this case is outside the heartland for prior incarceration for a crime Carlos

Gomez did not commit.

(ii) Defendant agrees that any brief or motion in support of any departure shall be filed not later than four weeks before sentencing is completed. Defendant further agrees, not later than four weeks prior to sentencing, to provide the U.S. Attorney with all records, supporting affidavits and other evidentiary materials (including a detailed description of any anticipated testimony and/or expert opinion) upon which he intends to rely in support of any departure motion.

(iii) Defendant agrees that failure to comply with the notice requirements set forth in paragraph 4(c)(ii) of this agreement shall operate as a waiver of any ground for departure for which full notice was not supplied.

(iv) The U.S. Attorney reserves the right to oppose any downward departure.

(i) In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

4.   <u>Sentence Recommendation</u>

(a) The U.S. Attorney and the defendant each reserve the right to recommend such sentence as they may deem appropriate.

(b) The U.S. Attorney and the defendant agree jointly to recommend that any sentence in this case include a term of supervised release, subject to the following conditions:

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

(i) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(ii) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(iii) Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(iv) File accurate and complete tax returns for those years for which inaccurate returns were filed; and

(v) Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

5

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

(3) Attorney's fees incurred in connection with this criminal case and related civil matters.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.    Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.    Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS and the Insurance Fraud Bureau of Massachusetts to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

10.    Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11.    Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief, Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief, Criminal Division

PAUL G. LEVENSON
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and have read a translation of this letter in my native language and have discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties

potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
CARLOS GOMEZ, Defendant

Date: 12/13/04

    I certify that Carlos Gomez has read this Agreement and has read a translation in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
HARRY L. MANION, III ESQ.
Attorney for Carlos Gomez

Date: 12/13/04