UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARLOS GOMEZ and<br>MARY GILDEA,<br><br>          defendants | Criminal No. 05-10022 |

## DEFENDANTS' JOINT MOTION FOR DOWNWARD DEPARTURE

Defendants Carlos Gomez and Mary Gildea (collectively, the "Gomezes" or the "Defendants") respectfully request that the Court depart downward from the sentencing range applicable under the advisory United States Sentencing Guidelines. As explained more fully in the Defendants' Sentencing Memorandum, submitted together with this Motion, the sentence proposed by the Defendants is fair and just because:

1. The offense level substantially overstates the seriousness of the offense, see U.S.S.G. § 2B1.1, n.18(C); accord §§ 5K2.0(a)(2)(B), (3);

2. Incarceration of the Gomezes will cause Lanco Scaffolding, Inc. to fail and cause the roughly 23 innocent employees to lose their jobs, see U.S.S.G. §§ 5K2.0(a)(1), (2);

3. The Gomezes have taken extraordinary steps to pay restitution to the affected parties;

4. The Gomezes have provided hands-on service to their community, their children's school, and other charities, see U.S.S.G. §§ 5K2.0(a)(4), 5H1.11;

5. Incarceration of the Gomezes would result in irreparable damage to the Gomezes' entire family, especially given the possibility that they will both be incarcerated, leaving their three young children without either parent to care or provide for them, see U.S.S.G. §§ 5K2.0(a)(4), 5H1.6;

6. Ms. Gildea's criminal history category of II substantially over-represents the seriousness of her criminal history and the likelihood that she will commit other crimes, see U.S.S.G. § 4A1.3;

7. Mr. Gomez's prior incarceration for a crime he did not commit and for which he was subsequently vindicated and released takes this case outside the "heartland" of cases contemplated by the Sentencing Guidelines, see U.S.S.G. §§ 5K2.0(a)(1), (2); and

8. Taken together, the offender characteristics and other circumstances listed above are present to a substantial degree, see U.S.S.G. §§ 5K2.0(a)(1), (2).

WHEREFORE, Defendants respectfully request that the Court (1) grant this motion for downward departure, and (2) grant Defendants such other relief as may be just and proper.

Respectfully submitted,


/s/ Harry L. Manion III
Harry L. Manion III, BBO # 317440
Christopher J. Cunio, BBO # 634518
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 02110
617-737-3100
*Counsel for Defendant Carlos Gomez*


/s/ Joseph F. Savage, Jr.
Joseph F. Savage, Jr., Esq., BBO # 443030
Kevin P. McGrath, Esq., BBO # 550123
Goodwin Procter LLP
Exchange Place
Boston, MA 02109
617-570-1000
*Counsel for Defendant Mary Gildea*


Dated: August 15, 2005

146182.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2005, a copy of the following documents were served via first-class mail upon U.S. Probation Officer Stephanie K. Henshaw and Assistant U.S. Attorney Paul G. Levenson:

- Defendants' Joint Motion for Downward Departure;
- Defendants' Sentencing Memorandum (with exhibits); and
- Defendants' Assented-To Motion for Leave to File a Memorandum in Excess of Twenty (20) Pages; and

/s/ Harry L. Manion III