AO 245B  Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA

**V.**

CARLOS GOMEZ

**STATEMENT OF REASONS**

Case Number: **1: 05 CR 10022   - 001 - GAO**

HARRY L. MANION, III
Defendant's Attorney

[X] The court adopts the factual findings and guideline application in the presentence report.

### OR

[ ] The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 23 |
| Criminal History Category: | I |
| Imprisonment Range: | 46 to 57 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ $10,000.00 to $ $9,540,198.00 |

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00-00-1952

Defendant's USM No.: N/A

Defendant's Residence Address:

14 Darrell Drive
North Reading, MA  02864

Defendant's Mailing Address:

same as Above

10/18/05
Date of Imposition of Judgment

/s/ George A. O'Toole, Jr
Signature of Judicial Officer

The Honorable George A. O'Toole

Judge, U.S. District Court
Name and Title of Judicial Officer

October 19, 2005
Date

DEFENDANT:    CARLOS GOMEZ
CASE NUMBER:    1: 05 CR 10022 - 001 - GAO

Statement of Reasons - Page    2    of    2

## STATEMENT OF REASONS

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:    $ _____

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

Statement of Reasons - Page <u>  2  </u> of <u>  2  </u>

DEFENDANT:    CARLOS GOMEZ
CASE NUMBER:    **1: 05 CR 10022 - 001 - GAO**

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

## OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

## OR

☒ The sentence departs from the guideline range:

     ☐ upon motion of the government, as a result of a defendant's substantial assistance, or

     ☒ for the following specific reason(s):

Pursuant to USSG section 5K2.0 because the combined circumstances of the likely loss of employment to numerous innocent employees( see United States v. Olbres, 99 F.3d 28 (1st Cir. 1996), and serious deleterious impact on innocent minor childern (see United States v. Rivera, 994 F.2d 992 (1st Cir.1993) and United States v. Scalmo, 997 F.2d 970 (1st Cir. 1993) in the event of a sentence within guideline range, all for the reasons states on the record in open court. A copy of the relevant portion of the transcript is attached

☐ See Continuation Page

AO 245B    Case 1:05-cr-10022-GAO    Document 22    Filed 10/19/2005    Page 4 of 4
Judgment in a Criminal Case - D. Massachusetts
Statement of Reasons - Sheet 4

Statemennt of Reasons - Page ___4___ of _____2_____

DEFENDANT:    CARLOS GOMEZ
CASE NUMBER:  **1:  05  CR  10022  - 001 - GAO**

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

1           UNITED STATES DISTRICT COURT

2         FOR THE DISTRICT OF MASSACHUSETTS

3                 Criminal No. 05-CR-10022-GAO-1

4

5    * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
6    UNITED STATES OF AMERICA       *
                                    *
7                                   *
     vs.                            *    SENTENCING EXCERPT
8                                   *
                                    *
9    CARLOS GOMEZ and MARY GILDEA   *
                                    *
10   * * * * * * * * * * * * * * * * * * * * * * * * * * * *

11

12

13

14        BEFORE:  The Honorable George A. O'Toole
                        District Judge
15

16

17

18

19

20

21

22
                         Richard H. Romanow
23                       Official Court Reporter
                         1 Courthouse Way
24                       Boston, Massachusetts

25                       October 18, 2005

1          Now before turning to the departure issues, let me just

2     turn back to the other factors in the statute as I think they

3     may apply to this case.

4          The nature and circumstances of the offense.  This is

5     Subsection 1.  The need for the sentence as imposed to reflect

6     the seriousness of the offense, to promote respect for the law,

7     and to provide just punishment for the offense.  And this is

8     Subsection 02.  I don't think there's any doubt that the

9     offenses of conviction are serious offenses.  The codification

10    in dollar terms of the scope of the fraud establishes the

11    seriousness and the manner in which the offenses were

12    committed, I think, underscores it.  As the Government points

13    out, the crimes were deliberately planned and carried out over

14    an extended period.  And had they not been detected, as they

15    ultimately were, they would likely have continued indefinitely

16    until detected.  So the net effect of these considerations, it

17    seems to me, is that there's no mitigation to be found in the

18    nature and circumstances of the offenses.

19         Another factor, in Subsection 1, is the history and

20    characteristics of the defendant.  In each case, the defendant

21    has a very minor criminal history and in each case, as I said

22    before, I think it's appropriately scored in the lowest

23    category, Category I.  So the guidelines, I think, adequately

24    account for that.

25         The need for the sentence imposed to afford adequate

1    deterrence to criminal conduct and to protect the public from

2    further crimes by the defendant is in Subsection 2 of the

3    statute.  The need for what we call specific deterrence, that

4    is, aimed specifically is, I think, relatively low.  From all

5    the information provided, it seems to be a low risk that the

6    defendants will recidivate.  On the other hand, a need for a

7    general deterrence aimed at warning other potential defendants

8    away from similar conduct is relatively high.  These occasions

9    or opportunities, um, for fraud of the kind that's outlined

10   here are not uncommon.  And I think any consideration of the --

11   what the sentence ought to be, including any sentence that

12   might be imposed after departure, must take account of the

13   possibility that the sentence must be understood as having some

14   value for lessening the prospect of -- it should not be

15   understood as lessening the prospect of serious punishment for

16   future offenses.  And I think this is a theme that underscores

17   the guidelines as a whole and the congressional dissatisfaction

18   with preguideline sentencing.  We have to be aware of a concern

19   that economic and white collar crimes are not treated in a

20   separate category and on a different scale from other offenses.

21        Now, the last factor that I think needs to be

22   recognized -- well, there's two, really.  One is restitution,

23   but we'll come back to that, but the other one is the need to

24   avoid unwarranted sentencing disparities among defendants with

25   similar records found guilty of similar conduct.  I've already

1    addressed that in terms of the principles that I apply to the

2    consultation of the guidelines.  I'm particularly concerned

3    about its application in this kind of circumstance because I'm

4    aware of other cases, both before me and other judges of the

5    court, where considerations of the kinds that we've principally

6    focused on here have been relied on as a basis for departure.

7    In fact, I'm made aware of a case in which another judge in

8    this court, just a month ago, departed on these grounds with

9    rather similar confluence of impact on a small business and

10   impact on children of a joint husband and wife conviction.

11        Um, the question is which rule becomes the standard and

12   which becomes the outlier?  I think it's a problem that is not

13   easily resolved.  As I said in the outline of principles that

14   apply, I think any given judge has to be conscious of what his

15   fellows are doing conscientiously in applying the principles in

16   the statute and in the case law and in the guidelines.

17        For the reasons I've already mentioned, the request for

18   departure, I think, has to be faced as a, what I call an

19   orthodox departure under the guidelines and not as an end run

20   around them.  The so-called Olbres departure is a ground that

21   has been recognized by the Circuit as possible, as family

22   circumstances have.  In both cases, I think the Court of

23   Appeals admonishes that the application of those principles to

24   effect a departure should be rare and exceptional.  Those words

25   can't be applied, again, without some consciousness of what

1    else is going on and the real concerns that I have is how

2    slippery the slopes are.  Just as we have an obligation to try

3    to be consistent with what others do, the more consistent we

4    are, the less rare we are.

5         Um, there's no need to reiterate all the facts of the

6    case.  I do accept that Mr. Gomez's skills and experience and

7    what might be called his accumulation of business goodwill has

8    some value, probably significant value.  I think there's

9    probably a difference between being valuable and being

10   indispensable, but it's impossible to try to express that on

11   any place on the scale with any precision.  As Mr. Levenson for

12   the Government points out, and as I've said too many times, one

13   of the saddest but most common facts of sentencing is that

14   innocent family members suffer when another family member,

15   commonly a parent, is punished by incarceration.

16        Um, so my resolution is that either ground is

17   insufficient in itself, but that taken together, I think they

18   make the circumstance of this case exceptional enough that some

19   relief from the guideline range is appropriate to impose a just

20   sentence.  But I do continue to believe that it is important

21   that the punishment be significant enough both as punishment

22   and, after all, that's the primary function, not simply a

23   deterrent value to others or the -- to create a landmark of

24   rehabilitation, but to impose punishment.  I think that the

25   reality still has to be accounted for that the community be not

1    further harmed by the punishment the community imposes.  So

2    in -- so where the balance is, people will reasonably differ.

3         A period of incarceration is warranted in each case.

4    Um, I think -- and I think the Government made the suggestion,

5    particularly to mitigate the impact on the children, that the

6    service of these periods may be staggered, I think was the

7    Government's word, where I call it sequential.  And I think in

8    trying to accomplish all the goals that review an appropriate

9    sentence, I don't think there's any reason to have a different

10   sentence in this case.  The sentence should be the same.  And I

11   believe it should be the custody of the Bureau of Prisons for a

12   period of 12 months followed by a period of supervised release

13   for a period of four years with the condition that the first 12

14   months be spent in home confinement.  A 50,000 dollar fine in

15   each case.  And full restitution can be determined in

16   accordance with 3664(d)(5).

17        I think in light of the restitution amount, I think the

18   Government's request for a fine is high.  It should be more

19   than minimal, though, I think in part because I think it

20   provides an additional quantum of punishment that might

21   substitute for some lesser deserved punishment from the

22   incarceration.

23        So I think that rather than impose the sentence, since

24   it's identical twice, if you would each stand.

25             MR. SAVAGE:  Your Honor, can I be heard?

1              THE COURT:  Yes, you can.  But let me just ask.  I

2    suggested sequential service, but I leave it to you to decide

3    the order.  It doesn't matter.  Because it's largely due to

4    mitigate the harm to the children and not for any business

5    reason.  I leave it with you to make that choice.

6              MR. SAVAGE:  Your Honor, I wonder if the Court

7    would be inclined to entertain increasing the sentence to a

8    year and a day, so that he could have the opportunity to earn

9    the good time.

10              THE COURT:  I thought about that, but I chose 12

11    months deliberately.

12              MR. SAVAGE:  After you impose sentence, we would

13    request for the location.

14              THE COURT:  Do you have a --

15              MR. SAVAGE:  We prefer Danbury because --

16              THE COURT:  No, no, I mean as a sequence, because I

17    should say it.  Do you want to talk for a minute?

18              (Off the record discussion.)

19              MR. MANION:  Yes, Mr. Gomez will serve the sentence

20    first, your Honor.

21              THE COURT:  All right.  Miss Gildea, would you

22    stand as well.

23         Carlos Gomez, Mary Gildea, on your conviction of these

24    offenses and pursuant to the Sentencing Reform Act of 1984, it

25    is the judgment of the Court that you be and you hereby are

committed to the custody of the Bureau of Prisons to be
imprisoned for a term of 12 months.  That consists of equal
terms of 12 months on each of the counts of conviction all to
be served concurrently.  Upon your release from imprisonment,
you should be placed on supervised release for a term of four
years, to consist of terms of two years -- I'm sorry.  To
consist of equal terms on all the counts of conviction to be
served concurrently.  Within 72 hours of your release from the
custody of the Bureau of Prisons, you shall report in person to
the district to which you have been released.

        You shall make restitution to the following as may be
ordered by the Court after hearing within 90 days pursuant to
Section 3664 of Title 18, the Internal Revenue Service, Liberty
Mutual, The Insurance Group Eastern Casualty Insurance Company,
the Carpenters Benefit Fund, The Massachusetts Labor
Representative, the amount shall be determined and appropriate
credit is to be given for any payments already made.  Payments
of restitution will be made to the Clerk of the United States
District Court for the transfer to the appropriate person.  You
shall notify the United States Attorney for this district
within 30 days of any change of your mailing or residential
address that occurs while any portion of the restitution
remains unpaid.  In addition, a fine in the sum of 50,000 is
imposed with the same condition with respect to notifying the
United States Attorney of any change in your address applies

1    while any portion of the fine remains unpaid.

2         It is a condition of your supervised release that the

3    first 12 months be spent in home confinement with an electronic

4    monitor on conditions that can be agreed upon with the

5    Probation Office or, in the absence of agreement, can be

6    determined by the Court.  While you're on supervised release,

7    you should not commit any other Federal, state or local crime.

8    I think that neither PSR indicates any involvement with illegal

9    drugs other than the alcoholism that we heard about.  So I'm

10   going to suspend drug testing conditions.  The defendants shall

11   submit a collection of a DNA sample as directed by the

12   Probation Office.

13        While you're on supervised release, you should comply

14   with all the standard conditions for supervised release that

15   are set forth in the sentencing guidelines.  That's Section

16   5D1.3C, those standard conditions of the guidelines are adopted

17   and incorporated by reference.  In addition, you are prohibited

18   from possessing a firearm, a destructive device, or other

19   dangerous weapon.  You are prohibited from incurring new credit

20   charges or additional lines of credit without the approval of

21   your Probation Officer while the restitution or the fine

22   remains unpaid.  You are to provide the Probation Office with

23   any reasonably requested financial information which

24   information may be shared with the Financial Litigation Unit of

25   the United States Attorney's Office.  You are each to meet with

1   the Internal Revenue Service within the first 30 days of your

2   supervision, if not earlier, in order to determine what tax

3   liability may exist and make arrangements for the satisfaction

4   for that liability.

5          As to Mr. Gomez only, during the period of your

6   supervised release, you are prohibited from consuming alcoholic

7   beverages and may be required to attend Alcoholics Anonymous

8   meetings or some suitable substitute as may be directed by your

9   Probation Officer.

10         There is a mandatory special assessment of 100 dollars

11  on each count of conviction.  For Mr. Gomez, the total is 1700

12  dollars, for Ms. Gildea, it's 2300 dollars.

13         Now, there's a request concerning recommendations for

14  placement?

15         MR. SAVAGE:  Two requests, your Honor.  First, I

16  would request the Court to consider recommending to the Bureau

17  of Prisons that the time for Mrs. Gildea be served in a halfway

18  house, I thought Coolidge would be appropriate, or at the

19  discretion of the Bureau of Prisons -- if the Court's not

20  inclined to do that, then we recommend Danbury.

21         MR. MANION:  On behalf of Mr. Gomez, we would like

22  to have a recommendation to Fort Devens.

23         THE COURT:  Well, in each case, it's not my

24  practice to make specific institutional recommendations, but I

25  will add a recommendation that the location of the family be

1    taken account of in selecting a place at that time.  I will not

2    make the first recommendation with respect to Mrs. Gildea.

3          Now, as to the satisfactory compliance with pretrial

4    conditions, I see no problem with self-reporting.  Mr. Gomez

5    will self-report soon and then Mrs. Gildea will self-report in

6    about a year.  I don't know whether -- I guess we should set

7    precise dates now.  Do you have a calendar?

8                (Discussion off the record.)

9                MR. MANION:  Your Honor, Mr. Gomez would like to

10   report in about 30 days to give him time to transition

11   everything at Lamco at a date your Honor selects, probably a

12   Friday, close of business.

13               THE COURT:  The obligation to report is to the

14   institution.

15               MR. MANION:  Yes, your Honor.

16               THE COURT:  What about December 1st, which is a

17   Friday?

18               MR. MANION:  Fine.  Thank you.  Yes.

19               THE COURT:  And, I guess, we can set it a year

20   later by maybe a week, December 7th, 2006 will be the reporting

21   date for Ms. Gildea.

22               MR. SAVAGE:  We have a related request to that,

23   your Honor.  If it's possible, and I don't know why it can't or

24   couldn't be, Ms. Gildea would like to start serving, at least

25   her supervised release --

1           THE COURT:  I've explored that and I'm told it's

2    not possible.

3           MR. SAVAGE:  Could we serve some conditions that

4    the Court imposes and reduce her supervised release by a year?

5           THE COURT:  No, I've already thought that through

6    and the problem is that she is on pretrial release until the

7    beginning of the sentence.  She can't be punished while she's

8    awaiting the commencement of the sentence.

9           MR. SAVAGE:  But the factors of pretrial release

10   have been taken into account in the Court's consideration for

11   the length of the supervised release including restitution and

12   --

13          THE COURT:  Yeah, I see what you're saying.

14          MR. SAVAGE:  So she gets three years instead of

15   four.

16          THE COURT:  Yeah, actually that's fair.  I'll do

17   that.  We'll amend so Ms. Gildea, the term of supervised

18   release, will be three years.

19          PROBATION OFFICER:  Your Honor, one other issue is

20   that the statutory maximum for supervised release is actually

21   two years on each count.

22          THE COURT:  On all of them?

23          PROBATION OFFICER:  And for Mary Gildea, it's up to

24   one year on Counts 18 to 23.

25   A.  And you imposed four years.

```
 1              THE COURT:  Okay.  So concurrent.  Make it 3 and 2.
 2              PROBATION OFFICER:  You can still impose four years
 3    --
 4              THE COURT:  I would have to make it concurrent.
 5    We'll do the bookkeeping.  3 and 2.  3 is for Mr. Gomez is 2 is
 6    for Mrs. Gildea.
 7              MR. MANION:  Supervised release?
 8              THE COURT:  The supervised release, in view of the
 9    fact that she's going to spend an additional year under
10    supervision, which may include, by the way, the pretrial
11    supervision.  I'm not making a general adjustment, but it may
12    be that the pretrial services will recommend a change in
13    reporting obligations.  The change in circumstances that she's
14    under a sentence of incarceration and Mr. Reilly of the
15    Pretrial Services Offices, they may seek to increase the
16    reporting requirement, although I don't intend to find any
17    strong likelihood of flight, but there may be some additional
18    reporting required here during the first year.
19              MR. LEVENSON:  A belated point that may have been
20    implicit in what the Court said, which may be that during this
21    year-long period of pretrial release, as a condition of
22    pretrial release, that conditions that the Court described,
23    such as requiring that the defendant go ahead and meet with the
24    IRS to start settling those obligations.  In other words, the
25    same obligations that would apply during this year --
```

1           THE COURT:  That particular one is covered by I

2     think by what I said when I said that she is to meet within the

3     first 30 days, if not before.  I think there's an incentive to

4     meet before.

5           MR. SAVAGE:  I assume, your Honor, that your

6     sentence contemplates that we'll work out some sort of

7     installment plan for these various payments to be imposed.

8     You're not requiring a lump sum for the special assessment?

9           THE COURT:  I leave it to you to discuss that with

10    Probation in the first instance.

11          MR. SAVAGE:  Okay.

12          THE COURT:  Except for the special assessments,

13    which I do forthwith.  Okay.  All set.  I'll be in recess.

14          THE CLERK:  Mr. Carlos Gomez and Ms. Mary Gildea,

15    you have the right to file a notice of appeal in this case.  If

16    you do wish to file an appeal, you must file it within 10 days

17    from the date the judgment is entered.  If you cannot afford an

18    attorney to file the appeal on your behalf, you may request a

19    Clerk of the Court to file the appeal for you and I will do

20    so.  Do you understand?

21          THE DEFENDANT:  Yes, sir.

22          THE DEFENDANT:  Yes.

23          THE CLERK:  All rise.  The Court is in recess.

24          (Ends 4:45 p.m.)

25