UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) | |
| v. | ) | CRIMINAL NO. 05-10022-GAO |
| | ) | |
| CARLOS GOMEZ and | ) | |
| MARY GILDEA, | ) | |
| | ) | |
| Defendants. | ) ) | |

JOINT SUBMISSION REGARDING RESTITUTION AND PAYMENT SCHEDULE

The parties, by their undersigned counsel, hereby request that the Court incorporate the following provisions regarding restitution and payment schedule into an amended Judgment for each defendant.

1.   Restitution

Restitution – owed by defendants jointly and severally – shall be paid to the following victims, with payments to be apportioned approximately pro rata among the non-federal victims until such time as all non-federal victims have been paid in full, as set forth in the attached Restitution Schedule.

2.   Payment Schedule

The parties propose a payment schedule (attached) which anticipates a contingency. It is anticipated that defendants' company, Lanco, will sell an approximately 80,000 square foot parking lot located on Windsor Street, Somerville (which is owned by Lanco and is adjacent to Lanco's warehouse). Defendants anticipate closing the sale within one year, enabling them to pay their restitution obligations in full at that time. To maximize defendants' incentives to accomplish this, to alleviate any financial pressure to sell the property at below market value (which could be to the victims' detriment), and in view of defendants' anticipated monthly cash

flow from their business, the United States agrees it is appropriate to waive statutory interest for a period of one year.

In the event that the anticipated sale does not go through, the defendants will have to liquidate other assets in order to meet their obligations. For that reason, the proposed payment schedule includes regular monthly payments that defendants expect to be able to meet from existing cash-flow from their business, together with annual "balloon" payments which the defendants can plan for in order to liquidate assets as necessary. The payment schedule anticipates a final "balloon" payment (which will likely exceed $1,100,000) at the end of four years (<u>i.e.</u> at the conclusion of Carlos Gomez's term of supervised release), which would cover the outstanding balance of defendants' restitution obligations, their fines, and all accrued interest.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney | JOSEPH F. SAVAGE, JR., ESQ.<br>KEVIN P. McGRATH, ESQ. |
| By: <u>/s/ Paul G. Levenson</u><br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | <u>/s/Kevin P. McGrath (by PGL)</u><br>Goodwin Procter, LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 570-1204<br><br> Counsel for Defendant Mary Gildea |
| | HARRY L. MANION III<br>CHRISTOPHER J. CUNIO<br><br><u>/s/ Christopher J. Cunion (by PGL)</u><br>Cooley Manion Jones<br>21 Custom House Street<br>Boston, MA 02110-3536<br>(617) 737-3100<br><br>Counsel for Defendant Carlos Gomez |

dated: January 18, 2006

2

RESTITUTION SCHEDULE

| Name of Payee | Amount of Restitution Ordered | Percentage of Payment |
|---|---|---|
| Eastern Casualty Insurance Co.<br>325 Donald J. Lynch Blvd.<br>Marlboro, MA 01752<br>Attn: Stuart McIntyre | $1,182,876.00 | 37% |
| Massachusetts Laborers' Benefit Funds<br>14 New England Executive Park,<br>Suite 200<br>Post Office Box 4000<br>Burlington, MA 01803-0900<br>Attn: Thomas Masiello, Administrator | $1,723,891.48 | 54% |
| Massachusetts Carpenters Benefit Funds<br>Central Collection Agency<br>350 Fordham Road<br>Wilmington, MA 01887<br>Attn: Harry R. Dow, Executive Director | $273,312.02 | 9% |
| Internal Revenue Service | $831,485.07 | 0% (no payment until all non-federal victims have been paid in full) [18 U.S.C. § §3664(i)] |

PAYMENT SCHEDULE

1.	The interest rate for the first 12 months shall be 0.0%.  Beginning as of January 25, 2007, interest shall accrue at the statutory rate on any unpaid principal balance of Defendants' restitution and fines.

2.	Commencing on <u>January 25, 2006</u>, Defendants shall pay a total of $40,000 principal per month for 12 months (1/25/06-12/26/06) to the Clerk of Court. These payments shall be made on the 25th of each month (or, if that date is a holiday or weekend, on the next business day).

3.	On or before <u>January 25, 2007</u>, in the event Defendants' business (Lanco Scaffolding Inc.) has sold or refinanced real estate located in Somerville, Massachusetts, Defendants shall make a lump sum principal payment using the net proceeds (i.e. post closing costs, taxes, fees and liens) from the sale or refinancing, which shall be credited toward the outstanding restitution amount and toward defendants' fines.   In the event that Defendants' business (Lanco Scaffolding Inc.) does not sell or refinance real estate located in Somerville, Massachusetts, on or before January 25, 2007, Defendants shall make a lump sum principal payment of $500,000 on January 25, 2007.

4.	To the extent that defendants' restitution obligations and fines have not been paid in full on or before January 25, 2007, Defendants shall continue to pay $40,000 per month, eleven months per year (February through December) until the total restitution figure, all fines and all accrued interest have been paid in full.  These payments shall be made on the 25th of each month (or, if that date is a holiday or weekend, on the next business day).

5. To the extent that defendants' restitution obligations and fines have not been paid in full on or before January 25, 2007, Defendants shall make lump-sum payments, as follows:

| Date | Payment Amount |
|---|---|
| January 25, 2008 | $500,000 |
| January 26, 2009 | $500,000 |

6. On November 25, 2009, Defendants shall pay a lump sum equal to the total outstanding balance of any restitution obligations, plus accrued statutory interest as of that date.

7. Also on November 25, 2009, each Defendant shall pay a $50,000 fine as ordered by the Court, plus accrued interest on that fine at the statutory rate for the period January 25, 2007 through November 25, 2009, or date of payment if earlier.