

**LANCO SCAFFOLDING**

33 Earle Street
Somerville, MA 02143
Tel: (617) 623-0060
Fax: (617) 776-9260

May 12, 2008

TO: The Honorable George A. O'Toole, Jr.
United States District Court for
The District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA  02210

RE: United State v. Carlos Gomez, Mary Gildea and Lanco Scaffolding, Inc.
<u>Docket No.   05-CR-10022 (GAO)</u>

Your Honor:

    We have met each payment of our Restitution ordered by you on February 10, 2006. We cannot continue to meet the terms of the agreement due to the sluggish economy and construction slowdown this past year. We respectfully request a monthly payment we can manage. We have sold the warehouse property we operated the business from and now there is only the parking lot remaining where we are operating from presently.

    We continue to do excellent work and we have every reason to believe we will be able to pay our debt ordered by you, however, we cannot keep up with the aggressive payment schedule we had over the last three years. It is too much for the business to bear.

    I have served my prison term ordered by you and my wife has served her prison term ordered by you. We are presently under the supervision of the Probation Department, Mrs. Lisa Dube. Mrs. Dube has informed us that a modification request to our Restitution Order must be made to your Honor.

    We would be able to pay ten thousand dollars each month and would like to try and sell the parking lot property in order to put another big dent in the Restitution owed. This will take time in this present real estate market.

    Please direct us in this modification request to our Restitution Order.

Sincerely,

Carlos Gomez
Mary Gildea

Case 1:05-cr-10022-GAO   Document 27-1   Filed 01/18/2006   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>v.   ) | CRIMINAL NO. 05-10022-GAO |
| )<br>CARLOS GOMEZ and   )<br>MARY GILDEA,   )<br>)<br>Defendants.   ) | |

JOINT SUBMISSION REGARDING RESTITUTION AND PAYMENT SCHEDULE

The parties, by their undersigned counsel, hereby request that the Court incorporate the following provisions regarding restitution and payment schedule into an amended Judgment for each defendant.

1.   Restitution

Restitution – owed by defendants jointly and severally – shall be paid to the following victims, with payments to be apportioned approximately pro rata among the non-federal victims until such time as all non-federal victims have been paid in full, as set forth in the attached Restitution Schedule.

2.   Payment Schedule

The parties propose a payment schedule (attached) which anticipates a contingency. It is anticipated that defendants' company, Lanco, will sell an approximately 80,000 square foot parking lot located on Windsor Street, Somerville (which is owned by Lanco and is adjacent to Lanco's warehouse). Defendants anticipate closing the sale within one year, enabling them to pay their restitution obligations in full at that time. To maximize defendants' incentives to accomplish this, to alleviate any financial pressure to sell the property at below market value (which could be to the victims' detriment), and in view of defendants' anticipated monthly cash

flow from their business, the United States agrees it is appropriate to waive statutory interest for a period of one year.

In the event that the anticipated sale does not go through, the defendants will have to liquidate other assets in order to meet their obligations. For that reason, the proposed payment schedule includes regular monthly payments that defendants expect to be able to meet from existing cash-flow from their business, together with annual "balloon" payments which the defendants can plan for in order to liquidate assets as necessary. The payment schedule anticipates a final "balloon" payment (which will likely exceed $1,100,000) at the end of four years (i.e. at the conclusion of Carlos Gomez's term of supervised release), which would cover the outstanding balance of defendants' restitution obligations, their fines, and all accrued interest.

Respectfully submitted,

| | |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney | JOSEPH F. SAVAGE, JR., ESQ.<br>KEVIN P. McGRATH, ESQ. |
| By: /s/ Paul G. Levenson<br>PAUL G. LEVENSON<br>Assistant U.S. Attorney<br>John Joseph Moakley U.S. Courthouse<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3147 | /s/Kevin P. McGrath (by PGL)<br>Goodwin Procter, LLP<br>53 State Street<br>Boston, MA 02109<br>(617) 570-1204<br><br>Counsel for Defendant Mary Gildea<br><br>HARRY L. MANION III<br>CHRISTOPHER J. CUNIO<br><br>/s/ Christopher J. Cunion (by PGL)<br>Cooley Manion Jones<br>21 Custom House Street<br>Boston, MA 02110-3536<br>(617) 737-3100<br><br>Counsel for Defendant Carlos Gomez |

dated: January 18, 2006

RESTITUTION SCHEDULE

| Name of Payee | Amount of Restitution Ordered | Percentage of Payment |
|---|---|---|
| Eastern Casualty Insurance Co.<br>325 Donald J. Lynch Blvd.<br>Marlboro, MA 01752<br>Attn: Stuart McIntyre | $1,182,876.00 | 37% |
| Massachusetts Laborers' Benefit Funds<br>14 New England Executive Park,<br>Suite 200<br>Post Office Box 4000<br>Burlington, MA 01803-0900<br>Attn: Thomas Masiello, Administrator | $1,723,891.48 | 54% |
| Massachusetts Carpenters Benefit Funds<br>Central Collection Agency<br>350 Fordham Road<br>Wilmington, MA 01887<br>Attn: Harry R. Dow, Executive Director | $273,312.02 | 9% |
| Internal Revenue Service | $831,485.07 | 0% (no payment until all non-federal victims have been paid in full) [18 U.S.C. § §3664(i)] |

Case 1:05-cr-10022-GAO   Document 27-1   Filed 01/18/2006   Page 4 of 5

PAYMENT SCHEDULE

1.  The interest rate for the first 12 months shall be 0.0%. Beginning as of January 25, 2007, interest shall accrue at the statutory rate on any unpaid principal balance of Defendants' restitution and fines.

2.  Commencing on January 25, 2006, Defendants shall pay a total of $40,000 principal per month for 12 months (1/25/06-12/26/06) to the Clerk of Court. These payments shall be made on the 25th of each month (or, if that date is a holiday or weekend, on the next business day).

3.  On or before January 25, 2007, in the event Defendants' business (Lanco Scaffolding Inc.) has sold or refinanced real estate located in Somerville, Massachusetts, Defendants shall make a lump sum principal payment using the net proceeds (i.e. post closing costs, taxes, fees and liens) from the sale or refinancing, which shall be credited toward the outstanding restitution amount and toward defendants' fines. In the event that Defendants' business (Lanco Scaffolding Inc.) does not sell or refinance real estate located in Somerville, Massachusetts, on or before January 25, 2007, Defendants shall make a lump sum principal payment of $500,000 on January 25, 2007.

4.  To the extent that defendants' restitution obligations and fines have not been paid in full on or before January 25, 2007, Defendants shall continue to pay $40,000 per month, eleven months per year (February through December) until the total restitution figure, all fines and all accrued interest have been paid in full. These payments shall be made on the 25th of each month (or, if that date is a holiday or weekend, on the next business day).

1

Case 1:05-cr-10022-GAO     Document 27-1     Filed 01/18/2006     Page 5 of 5

5.   To the extent that defendants' restitution obligations and fines have not been paid in full on or before January 25, 2007, Defendants shall make lump-sum payments, as follows:

| Date | Payment Amount |
| --- | --- |
| January 25, 2008 | $500,000 |
| January 26, 2009 | $500,000 |

6.   On November 25, 2009, Defendants shall pay a lump sum equal to the total outstanding balance of any restitution obligations, plus accrued statutory interest as of that date.

7.   Also on November 25, 2009, each Defendant shall pay a $50,000 fine as ordered by the Court, plus accrued interest on that fine at the statutory rate for the period January 25, 2007 through November 25, 2009, or date of payment if earlier.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10022-GAO

UNITED STATES OF AMERICA

v.

CARLOS GOMEZ and MARY GILDEA,
Defendants.

ORDER REGARDING RESTITUTION
February 10, 2006

O'TOOLE, D.J.

After review and in accordance with the reservation of the issues contained in the judgments previously entered in this case (docket nos. 21 and 23), the Court approves and adopts the parties' joint proposal concerning the restitution and payment schedule (docket no. 27), a copy of which is attached hereto and incorporated herein, and hereby ORDERS the amendment of the judgments accordingly.

The Clerk shall prepare amended judgments including the ordered restitution and payment schedule.

_February 10, 2006_
Date

_/s/ George A. O'Toole_
District Judge

T H E

S T U B B L E B I N E

C O M P A N Y



April 4, 2008

Lanco Scaffolding
Mr. Carlos Gomez
Ms. Mary Gildea
33 Earle Street
Somerville, MA 02143

**RE: 33 Earle Street, Available land**

Dear Carlos and Mary:

This is to confirm our conversation earlier today regarding the value of the referenced property. First and foremost, the site has many positive attributes. It has relatively easy access, it is flat, appears to be recently paved, and is in excellent condition. We feel that due to the lack of available land in the Boston industrial market, the site, if appropriately priced, will sell relatively quickly.

The value can be evaluated as an industrial site and as a residential site.

The highest and best overall use for the 1.232 acres is as residential site. A realistic unit count would be a range from 50 to 80 units and using a selling point of $40,000 per unit in a stronger residential market. The range in value would be $2,000,000 to $3,200,000. You have engineering plans that show a higher unit count, so based on the right marketing conditions, the site down the road very well could be worth the $4,000,0000 it was under agreement for.

Due to a weakened residential market today, the site's highest level of demand will be for industrial to flex and office uses. We determine our value for the land based on what similar sites in the area are selling and being marketed for. For example, the nearby Boynton Yards property of a 24,000 s.f. building on 1.35 acres has an asking price of $3,200,000. Backing out $70 per s.f. for the 24,000 s.f. building, the estimated value of the land would $1,520,000 or $25 per s.f. We are confident in using a range of $1,300,000 to $1,700,000 for the site to an industrial user. But due to the lack of available industrial land in the area, we would recommend a much higher asking price of $2,395,000.

James and I are free next week to discuss our conclusions and discuss a marketing strategy and schedule. We look forward to speaking with you next week.

One Cranberry Hill
Lexington, Massachusetts 02421
Phone (781) 862-6168
Fax (781) 862-6212

THE

STUBBLEBINE

COMPANY

Sincerely,

*Alan Ringuette*

Alan Ringuette
Senior Associate

c:   James Stubblebine, The Stubblebine Company

One Cranberry Hill
Lexington, Massachusetts 02421
Phone (781) 862-6168
Fax (781) 862-6212